NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCIA ESPINDOLA RIVERA; et al., | No. 19-73104 |
| Petitioners, | Agency Nos. A202-155-028 |
| v. | A202-155-030 |
| | A202-155-031 |
| WILLIAM P. BARR, Attorney General, | A202-155-032 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2020**
Seattle, Washington

Before: GOULD and FRIEDLAND, Circuit Judges, and CHEN,*** District Judge.

Lucia Espindola Rivera and three of her children, natives and citizens of

Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order

dismissing their appeal from an immigration judge's decision denying their

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Edward M. Chen, United States District Judge for the Northern District of California, sitting by designation.

applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The agency's determination that Petitioners failed to establish they suffered harm rising to the level of persecution is supported by substantial evidence. The threats received by Petitioners were not coupled with any close confrontation or action. Petitioners lived unharmed in Mexico for two years after Espindola Rivera's sons went missing until Petitioners came to the United States. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (finding death threats from hitmen who took no action against petitioner or his family did not compel a finding of past persecution); *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) (death threats may rise to the level of persecution where they are "so menacing as to cause significant actual suffering or harm" (internal quotation marks and citation omitted)).

Substantial evidence also supports the agency's determination that Petitioners failed to establish an objectively reasonable fear of future persecution. In addition to the fact that Petitioners were not harmed, Petitioner Espindola Rivera's husband and two sons continue to live "in the alleged danger zone" in Mexico without experiencing harm tied to their inquiries to law enforcement. *See*

*Santos-Lemus v. Mukasey*, 542 F.3d 738, 743-44 (9th Cir. 2008) (crediting family member's continued safety as substantial evidence against fear of persecution), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) ("To reverse the BIA finding we must find that the evidence not only *supports* that conclusion, but *compels* it . . . ."); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution "too speculative").

Thus, Petitioners' asylum claim fails. *See Halim v. Holder*, 590 F.3d 971, 975-77 (9th Cir. 2009) (upholding denial of asylum where substantial evidence supported the agency's determination that petitioner did not establish past persecution or a well-founded fear of persecution). Because Petitioners failed to establish eligibility for asylum, they failed to establish eligibility for withholding of removal. *See Zehatye*, 453 F.3d at 1190 (clear probability standard for withholding of removal imposes a heavier burden than the well-founded fear standard for asylum).

Substantial evidence also supports the agency's denial of CAT relief because Petitioners failed to show it is more likely than not they will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) (stating standard); *see also Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (petitioner did not

establish the necessary "state action" for CAT relief); *Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture).

Finally, we reject as unsupported by the record Petitioners' contention that the agency made "factual errors" in its analysis of their case.

**PETITION FOR REVIEW DENIED.**